2016 UT App 80

## THE UTAH COURT OF APPEALS

PATRICK MONROE BRENNER,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20151078-CA
Filed April 28, 2016

Original Proceeding in this Court

Patrick Monroe Brenner, Petitioner Pro Se

Amanda B. McPeck, Attorney for Respondent

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
STEPHEN L. ROTH.

PER CURIAM:

¶1     Patrick Monroe Brenner seeks judicial review of the
Workforce Appeals Board's (Board) decision affirming the denial
of unemployment benefits and finding that Brenner was
discharged from his employment for just cause. We decline to
disturb the Board's decision.

¶2     "Whether an employee is terminated for just cause is a
mixed question of law and fact." *Brehm v. Workforce Appeals
Board*, 2014 UT App 281, ¶ 12, 339 P.3d 945. "Nevertheless, due
to the fact-intensive inquiry involved at the agency level, cases
involving unemployment benefits do not lend [themselves] to
consistent resolution by a uniform body of appellate precedent."
*Carbon County v. Workforce Appeals Board*, 2013 UT 41, ¶ 7, 308
P.3d 477 (citation and internal quotation marks omitted).
Therefore, these cases are more "fact-like" than "law-like," and
the Board's decision to award or deny unemployment benefits is

entitled to deference. *See id.* Accordingly, within the context of unemployment benefits, "we will not disturb the Board's application of law to its factual findings unless its determination exceeds the bounds of reasonableness and rationality." *Johnson v. Department of Employment Sec.*, 782 P.2d 965, 968 (Utah Ct. App. 1989).

¶3 Brenner provided computer support services for AlphaGraphics, Inc. (Employer). On September 16, 2015, Brenner's computer support team received a suspicious email. Brenner's supervisor informed Brenner that the email was suspicious, and it looked like it could be a malicious phishing email. The Administrative Law Judge (ALJ) and Board determined that Brenner's supervisor specifically instructed Brenner to mark the email as spam and close the case out. However, rather than follow his supervisor's instructions, Brenner opened the email, as well as the email's attachment, and downloaded the computer virus onto Employer's computer, causing it to become encrypted. Employer was required to spend approximately eight hours resolving the problems caused by the computer virus. When Employer learned that Brenner had not followed his supervisor's instructions, but instead opened the suspicious email and the attachment, Employer discharged Brenner.

¶4 Brenner challenges the Board's decision affirming the denial of benefits and finding that he was discharged for just cause. To establish just cause for an employment termination, the elements of culpability, knowledge, and control must be shown. *See* Utah Admin. Code R994-405-202. Culpability is established if the conduct causing the discharge is "so serious that continuing the employment relationship would jeopardize the employer's rightful interest." *Id.* R994-405-202(1). The Board determined that Employer had a rightful interest in requiring employees to follow reasonable instructions from their supervisors and protecting itself from computer viruses. The

Board found that Brenner did not follow his supervisor's instructions, and his failure to follow instructions exposed Employer's computer system to a serious virus. Furthermore, Employer was harmed financially after it was required to spend nearly a day repairing the damage from the computer virus. The Board determined that Brenner's conduct was sufficiently serious to warrant his discharge in order to protect Employer's rightful interests.

¶5     To establish knowledge, an employer must show that the claimant "had knowledge of the conduct the employer expected." Utah Admin. Code R994-405-202(2). "There does not need to be evidence of a deliberate intent to harm the employer; however, it must be shown that the claimant should have been able to anticipate the negative effect of the conduct." *Id.*

¶6     Brenner argues that he was not instructed how to handle the suspicious email. However, the Board determined that Employer's testimony was more credible than Brenner's testimony. Both the ALJ and the Board determined that the element of knowledge was established because Employer's credited testimony established that Employer gave Brenner specific instructions to mark the email as suspicious and "close it out as spam." Given Brenner's assertion that he lacked familiarity with phishing attempts, the Board determined that Brenner should have been careful to follow Employer's instructions for resolving the suspicious email. The Board also determined that Brenner knew that opening a suspicious email, which could download a computer virus onto Employer's computer would harm Employer.

¶7     The element of control is established by showing that the conduct causing the discharge was within the employee's control. *See id.* R994-405-202(3). The Board determined that Brenner was in control of the conduct that resulted in his discharge because Brenner was instructed not to open the

suspicious email and its attachment. Despite the instructions, Brenner chose to open the email and its attachment, which downloaded a computer virus. The Board also determined that Brenner was not prevented from complying with Employer's instructions.

¶8      The Board's factual findings are supported by substantial evidence in the record, and the Board's decision that Brenner was discharged for just cause is both reasonable and rationale. Accordingly, we decline to disturb the Board's decision.

—————